## Denslow *v.* Moore.

In the Court below,

HANNAH MOORE, *Appellant* ; REUBEN DENSLOW, *Appellee.*

A writ of error is brought against A. B. C. and D. in which C. and D. are described as of Southampton in Massachusetts ; A. and B. plead in abatement, that no service has been made upon C. and D. alleging that C. and D. are of Windsor in this State, and *traversing* their being of *Southampton* in Massachusetts ; this plea is bad, the fact traversed being an immaterial one.

AN appeal was taken from the Court of Probate, approving the will of *Kezia Barber*, and the judgment of the Court of Probate disaffirmed by the Superior Court. In the writ of error to this Court, the heirs at law were made defendants. *Benjamin Moore, Philander Moore, Simeon Moore, Eldad B. Moore, Timothy Cooke, Hannah Cooke, Edward Phelps, Azubah Phelps, Lucinda Mather,*

1804.

DENSLOW
v.
MOORE.

and *Arthur Griswold*, were described as belonging to this State ; *Levi Griswold, Avery Griswold, Laura Griswold, Homer Griswold, Wealthy Griswold, Charles Griswold*, and *Abel T. Griswold*, were described, as was also *Abel Griswold*, said to be their father, and natural guardian, as late of Windsor, in this State, now of Southampton, in the County of Hampshire, and State of Massachusetts. The writ was duly served upon those within the State, and also upon *Abel Griswold*, the guardian. *Benjamin Moore, Philander Moore, Simeon Moore, Eldad B. Moore, Edward Phelps, Azubah Phelps, Lucinda Mather*, and *Arthur Griswold*, pleaded in abatement, that the writ of error had not been served upon said *Levi, Avery, Laura, Homer, Wealthy, Charles*, and *Abel T.* and that, said *Levi* and *Abel T.* belonged to, and resided in Windsor, in this State, traversing their being of Southampton, in Massachusetts.

To the first exception in the plea there was a general demurrer ; to the second, a special demurrer, first, because it was not pleadable, by the persons who pleaded it ; secondly, because the traverse was immaterial, offering to put in issue facts not alleged, and not denying, that said *Levi* and *Abel T.* lived out of this State.

*Bradley*, for the plaintiff in error.

There are, in the plea, two distinct causes of abatement, and they ought not to be joined. These persons living out of the State, and not being parties to the original suit, service upon them there would have had no effect, and they not having any attorney here, no other service could have been made. They have traversed, that two of the defendants live in Southampton ; but this was immaterial. At common law, it is not necess-

1804.

DENSLOW
v.
MOORE.

ary to describe the county; and where a defendant lives in another State, it is not necessary to describe the town. The traverse offered, extending only to the town, and not to the State, is, therefore, immaterial, and we were not bound to accept it; for if these persons do not belong to Connecticut, it is of no consequence whether they are of Southampton, or of any other town. It does not appear, except by the inducement to the traverse, that they were not served with process; and we are not bound to traverse the inducement. (a)

Further, those defendants, upon whom legal service has been made, cannot take advantage of a want of service upon other persons. (b)

*Edwards*, (of New-Haven) and *Sargeant*, for the defendants in error.

Our statute directs, that in all civil actions, twelve days notice shall be given. By permitting a writ of error to be amended, it has been decided to be an action. This service must be made upon the *defendants*,—*all* the defendants, except where it is otherwise expressly provided. Service upon the guardian, is not service upon the minors. There is no practice to justify it, and no statute authorizing it. If, upon such notice, the guardian should fail to appear, a judgment against the minors would be of no validity. Had not the minors been included, the writ would have abated; and they were included for no purpose, but that they should be notified. The service is required by positive statute. It is, therefore, no good reason to say, that service could not be made.

(a) 1 *Stra.* 494, *Colborne* v. *Stockdale.*
(b) 1 *Root* 407, *Kipple* v. *Coleman.* 1 *Bac. Abr.* 9. *tit. Misnomer.*

The statute has provided for cases of joint contract, where one defendant lives out of the State. So where all the defendants live out of the State, and have property within it. In this case, no such provision is made. Upon petitions in chancery, where one respondent lives out of the State, the Superior Court have made a rule, that a copy of the petition &c. shall be sent him. The petitions of insolvent debtors are not granted, by the General Assembly, without the usual service, unless a special resolve be made as to notice.

But, it is said, that we have traversed an immaterial fact. If so, they need not join issue, but may have another traverse. Our traverse is as broad as the plaintiff's allegation. He has said, that a part of the defendants belong to Southampton, in Massachusetts. We say, they belong to Windsor in Connecticut, and not to Southampton in Massachusetts. Had we said more, it would have been a departure.

*Perkins*, (of Hartford) in reply.

If the argument of the defendant is good, no writ of error can be brought, where a part of the defendants live out of the State. This case is within the reason, if not within the letter, of suits upon joint contracts, where one defendant is out of the State. In such a case as this, service upon an attorney of the party is good, although no statute authorizes it, and even although his power is revoked, after the former judgment, and before service of the writ of error is made. In this case, the *guardian* has been duly notified, and no other service could be made.

The second exception taken in abatement is bad, because it is not taken by the persons, who have a right to

take it. Persons duly notified cannot say, *other persons* have not been duly notified. The traverse is immaterial. The authorities all show, that the real point, *the substance* of what is meant to be put in issue, must be noticed, and not the mere words. (*c*) The substance of the allegation is, that A. and B. live *in Massachusetts.* Upon this, a traverse should have been offered; but they, pursuing the words, deny that A. and B. live *in Southampton*, in Massachusetts. They ought to have denied their living out of Connecticut; that would prevent service from a court in Connecticut; and the effect would be the same whether the town in which they lived, was rightly described, or not. But now the Court must find, whether these defendants live in *Southampton*, or not, which is wholly immaterial.

THE COURT, decided the plea in abatement to be insufficient, on the ground of informality; but directed the case to be continued, and made a rule prescribing notice to the minors. (*d*)

The plaintiff in error, afterwards suffered a nonsuit.

(*c*) *Cro. Car.* 501, *Nevison v. Whitley.*

(*d*) A general rule was also passed, prescribing the notice to be given in all cases, in which service is not prescribed by law, which see subjoined to the decisions of this term.